UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANGELA KASTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. |
| | ) |
| FINANCIAL ENHANCEMENT | ) |
| GROUP, LLC, | ) |
| | ) |
| Defendant. | ) |

COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, Angela Kaster, hereby brings this action against the Defendant, Financial Enhancement Group ("Defendant"), for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, as amended (the "ADA").

I. PARTIES, JURISDICTION AND VENUE

1. Ms. Kaster has resided within the Southern District of Indiana at all relevant times.

2. Defendant is located and regularly conducts business within the Southern District of Indiana.

3. At all relevant times, Ms. Kaster was an "employee" within the meaning of 42 U.S.C. § 12111(4).

4. At all relevant times, Defendant was an "employer" within the meaning of 42 U.S.C. § 12111(5)(A).

5. At all relevant times, Ms. Kaster has been a qualified individual with a

disability, has had a record of disability, and/or has been regarded as disabled by Defendant, per the standards set forth by the ADA.

6. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 12117.

7. Ms. Kaster has satisfied her obligations to exhaust her administrative remedies with the United States Equal Employment Opportunity Commission and now timely files her lawsuit.

8. All of the events, transactions and occurrences which have given rise to this lawsuit happened within of the Southern District of Indiana.

9. Venue is proper in this Court.

## II.   FACTUAL ALLEGATIONS

10. On June 18, 2018, Defendant hired Ms. Kaster.

11. At all relevant times, Ms. Kaster worked for Defendant as a Strategic Assistant.

12. At all relevant times, Ms. Kaster met or exceeded all of Defendant's legitimate performance expectations.

13. At all relevant times, Ms. Kaster could perform the essential functions of her job.

14. Ms. Kaster has and has had a medical impairment regarding her hips that has substantially limited her in major life activities, including, but not limited to, walking and standing.

15. As a result, Ms. Kaster is a qualified individual with a disability, a

history of disability and/or perceived disability under the ADA.

16. In or about early October 2019, Ms. Kaster also developed a medical impairment regarding her lungs which substantially limited her in major life activities, including, but not limited to, breathing, walking and standing.

17. As a result, Ms. Kaster is a qualified individual with a disability, a history of disability and/or perceived disability under the ADA.

18. On or about October 7, 2019, Ms. Kaster's boss, Joe Clark ("Clark"), who was a Managing Partner at Defendant, sent Ms. Kaster home from work because of her disability.

19. Despite her repeated efforts to return to work earlier, Clark would not allow Ms. Kaster to return to work until on or about October 22, 2019.

20. When Ms. Kaster returned to work, she required the assistance of a wheelchair.

21. Ms. Kaster's request to Defendant to utilize said wheelchair constitutes a request for a reasonable accommodation under the ADA. Mr. Kaster's request also constitutes protected activity under the ADA.

22. On or about November 8, 2019, Defendant, via Clark and Vicki Mellady, who is Defendant's Human Resources and Office Manager, called Ms. Kaster into a meeting.

23. During that meeting, Defendant notified Ms. Kaster that it was terminating her employment.

24. Also during that meeting, Ms. Kaster was told, multiple times, that it

was time for her to get federal disability benefits.

### III. CAUSES OF ACTION

### COUNT I

### DISABILITY DISCRIMINATION - ADA

25. Ms. Kaster hereby incorporates paragraphs one through 24 of her Complaint as if the same were set forth at length herein.

26. Defendant took adverse employment action against Ms. Kaster when it terminated her employment.

27. Defendant terminated Ms. Kaster's employment based upon her disability, record of disability and/or perceived disability.

28. All non-discriminatory reasons proffered by Defendant for its termination of Ms. Kaster's employment are pretextual.

29. Other, similarly-situated employees of Defendant who do have a disability, history of disability and/or perceived disability have been treated more favorably than Ms. Kaster by Defendant, and Defendant has not subjected them to the same adverse employment action as Ms. Kaster.

30. Defendant's actions were in violation of the ADA.

31. Defendant's actions, as alleged above, deprived Ms. Kaster of equal employment opportunities and otherwise adversely affected the terms and conditions of her employment.

32. Defendant's unlawful actions against Ms. Kaster were intentional, willful, and done in reckless disregard of her rights as protected by the ADA.

33. Ms. Kaster has suffered damages, and continues to suffered damages, as a result of Defendant's unlawful conduct, including, but not limited to, lost wages lost benefits, mental distress, emotional distress, attorneys' fees and litigation costs.

## COUNT II

## RETALIATION – ADA

34. Ms. Kaster hereby incorporates paragraphs one through 33 of her Complaint as if the same were set forth at length herein.

35. Defendant took adverse employment action against Ms. Kaster when it terminated her employment.

36. Defendant terminated Ms. Kaster's employment in retaliation for her engagement in protected activity under the ADA.

37. All non-retaliatory reasons proffered by Defendant for its termination of Ms. Kaster's employment are pretextual.

38. Other, similarly-situated employees of Defendant who have not engaged in protected activity under the ADA have been treated more favorably than Ms. Kaster by Defendant, and Defendant has not subjected them to the same adverse employment action as Ms. Kaster.

39. Defendant's actions were in violation of the ADA.

40. Defendant's actions, as alleged above, deprived Ms. Kaster of equal employment opportunities and otherwise adversely affected the terms and conditions of her employment.

41. Defendant's unlawful actions against Ms. Kaster were intentional, willful, and done in reckless disregard of her rights as protected by the ADA.

42. Ms. Kaster has suffered damages, and continues to suffered damages, as a result of Defendant's unlawful conduct, including, but not limited to, lost wages lost benefits, mental distress, emotional distress, attorneys' fees and litigation costs.

## COUNT III

## FAILURE TO ACCOMMDATE – ADA

43. Ms. Kaster hereby incorporates paragraphs one through 42 of her Complaint as if the same were set forth at length herein.

44. The acts alleged above constitute unlawful employment practices in violation of the ADA.

45. Defendant failed to engage in the interactive process and/or provide Ms. Kaster with a reasonable accommodation for her disability.

46. Defendant's actions were in violation of the ADA.

47. Defendant's actions, as alleged above, deprived Ms. Kaster of equal employment opportunities and otherwise adversely affected the terms and conditions of her employment.

48. Defendant's unlawful actions against Ms. Kaster were intentional, willful, and done in reckless disregard of her rights as protected by the ADA.

49. Ms. Kaster has suffered damages, and continues to suffered damages, as a result of Defendant's unlawful conduct, including, but not limited to, lost wages lost benefits, mental distress, emotional distress, attorneys' fees and litigation costs.

## IV. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find for him and order that:

1. Defendant reinstate Ms. Kaster to her same or a similar position, salary, and seniority, or pay front pay and benefits to her in lieu of such reinstatement;

2. Defendant pay lost wages and benefits to Ms. Kaster;

3. Defendant pay compensatory to Ms. Kaster;

4/ Defendant pay punitive damages to Ms. Kaster;

5. Defendant pay pre- and post-judgment interest to Ms. Kaster;

6. Defendant pay Ms. Kaster's attorneys' fees and costs incurred in litigating this action;

7. Defendant pay to Ms. Kaster any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ Spenser G. Benge*
Spenser G. Benge, Esq.
Attorney Number: 33955-48
THE LAW OFFICE OF SPENSER G. BENGE
3737 South Scatterfield Road, Suite 200
Anderson, Indiana 46013
Telephone: (765) 610-4062
Facsimile: (765) 640-1332
Email: spenser@bengelawoffice.com

Attorney for Defendant

## DEMAND FOR JURY TRIAL

The Plaintiff, Angela Kaster, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

    Respectfully submitted,

    *s/ Spenser G. Benge*
    Spenser G. Benge, Esq.
    Attorney Number: 33955-48
    THE LAW OFFICE OF SPENSER G. BENGE
    3737 South Scatterfield Road, Suite 200
    Anderson, Indiana 46013
    Telephone: (765) 610-4062
    Facsimile: (765) 640-1332
    Email: spenser@bengelawoffice.com

    Attorney for Defendant